IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GENERAL LOGISTICS SYSTEMS NORTH AMERICA INC., F/K/A GLS U.S. HOLDING INC., a Delaware corporation,  )<br>)<br>) | | |
| Plaintiff, ) | | |
| v. ) | C.A. No. 20-0474-MN | |
| ) | | |
| BRIAN BUTLER, REBECCA BUTLER, TODD PATRICK, and MICHAEL SALZBERG, individuals,  )<br>)<br>) | | |
| Defendants. ) | | |

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendants answer the allegations in Plaintiff's Complaint as follows:

**I.    NATURE OF THE ACTION**

1. Paragraph 1 of the Complaint requires no answer. If an answer is required, Defendants deny.

2. For answer to paragraph 2, Defendants assert that the sale of the Companies was done pursuant to a written agreement, the terms of which speak for themselves, and deny all allegations inconsistent therewith. Defendants specifically deny that GLS discovered anything about Sellers' accounting practices after it took control of the Companies.

3. Defendants admit the allegation in paragraph 3.

4. For answer to paragraph 4, Defendants assert that the terms of the parties' written agreement speak for themselves and deny all allegations inconsistent therewith.

5. For answer to paragraph 5, Defendants assert that the terms of the SPA speak for themselves and deny all allegations inconsistent therewith.

6. For answer to paragraph 6, Defendants assert that the terms of the SPA speak for themselves and deny all allegations inconsistent therewith.

7. For answer to paragraph 7, Defendants assert that the terms of the SPA speak for themselves and deny all allegations inconsistent therewith.

8. Defendants deny the allegations in paragraph 8.

9. Defendants deny the allegations in paragraph 9.

10. Defendants deny all the allegations in paragraph 10 except for the admission by GLS that it delivered a Post-Closing Statement that did not use the Accounting Methodology proscribed by the SPA, which fact Defendants admit.

11. For answer to paragraph 11, Defendants admit they provided a notice of objection to GLS's Post-Closing Statement because the Post-Closing Statement did not comply with the Accounting Methodology mandated by the SPA, assert that the notice speaks for itself, and deny all allegations inconsistent therewith.

12. For answer to paragraph 12, Defendants assert that the terms of the SPA speak for themselves and deny all allegations inconsistent therewith.

13. For answer to paragraph 13, Defendants admit only that GLS requested the parties submit their dispute to the CPA Firm and that Defendants refused because doing so was improper and not required by the SPA. Defendants deny all other allegations in said paragraph.

14. For answer to paragraph 14, Defendants admit only that Postal Express terminated Butler's employment, and provided a notice of termination to Butler, which notice speaks for itself. Defendants deny all allegations inconsistent with the notice and all other allegations in said paragraph.

15. For answer to paragraph 15, Butler admits he filed a complaint in Washington state court, which document speaks for itself, and denies all allegations inconsistent therewith.

16. Defendants deny the allegations in paragraph 16.

17.  Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 17 and therefore deny the same.

18.  Defendants admit the allegations in paragraph 18.

19.  Defendants admit the allegations in paragraph 19.

20.  Defendants admit the allegations in paragraph 20.

21.  Defendants admit the allegations in paragraph 21.

22.  Defendants admit the allegations in paragraph 22.

23.  For answer to paragraph 23, Defendants assert that the terms of the SPA speak for themselves and deny all allegations inconsistent therewith.

24.  For answer to paragraph 24, Defendants assert that the terms of the SPA speak for themselves and deny all allegations inconsistent therewith.

II.  **JURISDICTION AND VENUE**

25.  Defendants admit the allegations in paragraph 25.

26.  Defendants admit the allegations in paragraph 26.

27.  Defendants admit the allegations in paragraph 27.

III.  **FACTUAL BACKGROUND**

28.  For answer to paragraph 28, Defendants admit that the January 13, 2017 Letter of Intent is attached. In further answer, Defendants assert the letter speaks for itself and deny all allegations inconsistent therewith.

29.  For answer to paragraph 29, Defendants admit that the parties signed the SPA on April 5, 2017. In further answer, Defendants assert that the terms of the SPA speak for themselves and deny all allegations inconsistent therewith.

30.  For answer to paragraph 30, Defendants assert that the terms of the SPA speak for themselves and deny all allegations inconsistent therewith.

31. For answer to paragraph 31, Defendants assert that the terms of the SPA speak for themselves and deny all allegations inconsistent therewith.

32. For answer to paragraph 32, Defendants assert that the terms of the SPA speak for themselves and deny all allegations inconsistent therewith.

33. For answer to paragraph 33, Defendants assert that the terms of the SPA speak for themselves and deny all allegations inconsistent therewith.

34. For answer to paragraph 34, Defendants assert that the terms of the SPA speak for themselves and deny all allegations inconsistent therewith.

35. For answer to paragraph 35, Defendants assert that the terms of the SPA speak for themselves and deny all allegations inconsistent therewith.

36. For answer to paragraph 36, Defendants assert that the terms of the SPA speak for themselves and deny all allegations inconsistent therewith.

37. For answer to paragraph 37, Defendants assert that the terms of the SPA speak for themselves and deny all allegations inconsistent therewith.

38. For answer to paragraph 38, Defendants assert that the terms of the SPA speak for themselves and deny all allegations inconsistent therewith.

39. For answer to paragraph 39, Defendants assert that the terms of the SPA speak for themselves and deny all allegations inconsistent therewith.

40. For answer to paragraph 40, Defendants admit only that a copy of the Reviewed Financial Statements is attached. In further answer, Defendants assert that the terms of the SPA speak for themselves and deny all allegations inconsistent therewith.

41. For answer to paragraph 41, Defendants assert that the Reviewed Financial Statements speak for themselves and deny all allegations inconsistent therewith.

42. For answer to paragraph 42, Defendants assert that the terms of the SPA speak for themselves and deny all allegations inconsistent therewith.

43. For answer to paragraph 43, Defendants assert that the SPA and the Reviewed Financial Statements speak for themselves and deny all allegations inconsistent therewith.

44. For answer to paragraph 44, Defendants assert that the terms of the SPA speak for themselves and deny all allegations inconsistent therewith.

45. For answer to paragraph 45, Defendants assert that the terms of the SPA speak for themselves and deny all allegations inconsistent therewith.

46. For answer to paragraph 46, Defendants assert that the terms of the SPA speak for themselves and deny all allegations inconsistent therewith.

47. For answer to paragraph 47, Defendants assert that the terms of the SPA speak for themselves and deny all allegations inconsistent therewith.

48. For answer to paragraph 48, Defendants assert that the terms of the SPA speak for themselves and deny all allegations inconsistent therewith.

49. For answer to paragraph 49, Defendants assert that the terms of the SPA speak for themselves and deny all allegations inconsistent therewith.

50. Defendants admit the allegations in paragraph 50.

51. Defendants assert that the Estimated Closing Statement speaks for itself and deny all allegations inconsistent therewith.

52. For answer to paragraph 52, Defendants admit only that the transaction closed and that GLS took control of the Companies thereafter. In further answer, Defendants assert that the terms of the SPA speak for themselves and deny all allegations inconsistent therewith.

53. Defendants deny the allegations in paragraph 53.

54. Defendants deny the allegations in paragraph 54.

55. For answer to paragraph 55, Defendants assert that the Estimated Closing Statement and 2016 Financial Statements speak for themselves and deny all allegations inconsistent therewith.

56. Defendants deny the allegations in paragraph 56.

57. For answer to paragraph 57, Defendants are without sufficient knowledge to admit or deny and therefore deny.

58. For answer to paragraph 58, Defendants are without sufficient knowledge to admit or deny and therefore deny

59. Defendants deny the allegations in paragraph 59.

60. Defendants deny the allegations in paragraph 60.

61. Defendants deny the allegations in paragraph 61.

62. Defendants deny the allegations in paragraph 62.

63. Defendants deny the allegations in paragraph 63.

64. Defendants deny the allegations in paragraph 64.

65. Defendants deny the allegations in paragraph 65.

66. For answer to paragraph 66, Defendants admit only that GLS provided what purported to be a Post-Closing Statement as required by the SPA, but deny such statement was prepared as required by the SPA. Defendants deny all other allegations in said paragraph.

67. Defendants deny the allegations in paragraph 67.

68. Defendants deny the allegations in paragraph 68.

69. Defendants deny the allegations in paragraph 69.

70. Defendants deny the allegations in paragraph 70.

71. Defendants deny the allegations in paragraph 71.

72. For answer to paragraph 72, Defendants admit they sent a Notice of Objection to the Post-Closing Statement, a copy of which is attached to the Complaint. In further answer, Defendants assert that the notice speaks for itself and deny all allegations inconsistent therewith.

73. Defendants deny the allegations in paragraph 73.

74. For answer to paragraph 74, Defendants deny the SPA required the parties' dispute be submitted to the CPA Firm. In further answer, Defendants assert that the notice speaks for itself and deny all allegations inconsistent therewith.

75. For answer to paragraph 75, Defendants assert that GLS' response speaks for itself and deny all allegations inconsistent therewith. Defendants further deny they breached the SPA or caused damage to plaintiff.

76. For answer to paragraph 76, Defendants admit that GLS sent a letter to Butler dated January 26, 2018, that a copy of that letter and Butler's employment agreement with Postal Express are attached as exhibits, and that Postal Express terminated Butler's employment on February 25, 2018. In further answer, Defendants assert that the referenced documents speak for themselves and deny all allegations inconsistent therewith. Defendants further deny that Butler breached the employment agreement and that Postal Express had cause to terminate Butler's employment.

77. Defendants admit the allegations in paragraph 77.

78. For answer to paragraph 78, Defendants assert that Butler's complaint speaks for itself and deny all allegations inconsistent therewith.

79. For answer to paragraph 79, Defendants assert that Butler's complaint speaks for itself and deny all allegations inconsistent therewith.

80. For answer to paragraph 80, Defendants assert that the terms of the SPA speak for themselves and deny all allegations inconsistent therewith. In further answer, Defendants deny that Butler admitted he breached the SPA or his employment agreement.

81. Defendants deny the allegations in paragraph 81.

82. For answer to paragraph 82, Defendants admit only that the Washington court dismissed Butler's Washington complaint for improper venue and deny all other allegations.

### FIRST CLAIM FOR RELIEF
### (BREACH OF CONTRACT, § 4.04 (b)(z))

83. For answer to paragraph 83, Defendants reassert their answers to the preceding paragraphs.

84. Defendants admit the allegations in paragraph 84.

85. For answer to paragraph 85, Defendants assert that the terms of the SPA speak for themselves and deny all allegations inconsistent therewith.

86. Defendants deny the allegations in paragraph 86.

87. Defendants deny the allegations in paragraph 87.

88. Defendants deny the allegations in paragraph 88.

### SECOND CLAIM FOR RELIEF
### (BREACH OF CONTRACT, § 4.04 (b)(y))

89. For answer to paragraph 89, Defendants reassert their answers to the preceding paragraphs.

90. Defendants admit the allegations in paragraph 90.

91. For answer to paragraph 91, Defendants assert that the terms of the SPA speak for themselves and deny all allegations inconsistent therewith.

92. Defendants deny the allegations in paragraph 92.

93. Defendants deny the allegations in paragraph 93.

94. Defendants deny the allegations in paragraph 94.

### THIRD CLAIM FOR RELIEF
### (BREACH OF CONTRACT, § 2.06)

95. For answer to paragraph 95, Defendants reassert their answers to the preceding paragraphs.

96. Defendants admit the allegations in paragraph 96.

97. For answer to paragraph 97, Defendants assert that the terms of the SPA speak for themselves and deny all allegations inconsistent therewith.

98. For answer to paragraph 98, Defendants assert that the Reviewed Financial Statements speak for themselves and deny all allegations inconsistent therewith.

99. Defendants deny the allegations in paragraph 99.

100. Defendants deny the allegations in paragraph 100.

101. Defendants deny the allegations in paragraph 101.

### FOURTH CLAIM FOR RELIEF
### (BREACH OF CONTRACT, § 2.07)

102. For answer to paragraph 102, Defendants reassert their answers to the preceding paragraphs.

103. Defendants admit the allegations in paragraph 103.

104. For answer to paragraph 104, Defendants assert that the terms of the SPA speak for themselves and deny all allegations inconsistent therewith.

105. For answer to paragraph 105, Defendants assert that the Notice of Objection speaks for itself and deny all allegations inconsistent therewith.

106. For answer to paragraph 106, Defendants admit only that they refused to submit the parties' dispute to the CPA Firm because it was not required or proper under the SPA, and deny all other allegations.

107. Defendants deny the allegations in paragraph 107.

108. Defendants deny the allegations in paragraph 108.

## FIFTH CLAIM FOR RELIEF
### (DECLARATORY JUDGMENT, BREACH OF CONTRACT § 2.07)
### (in the alternative)

109. For answer to paragraph 109, Defendants reassert their answers to the preceding paragraphs.

110. Defendants admit the allegations in paragraph 110.

111. For answer to paragraph 111, Defendants assert that the terms of the SPA speak for themselves and deny all allegations inconsistent therewith.

112. For answer to paragraph 112, Defendants assert that the notice of objection speaks for itself and deny all allegations inconsistent therewith.

113. For answer to paragraph 113, Defendants deny that GLS is entitled to the relief it seeks.

## SIXTH CLAIM FOR RELIEF
### (ATTORNEYS' FEES)

114. For answer to paragraph 114, Defendants reassert their answers to the preceding paragraphs.

115. Defendants admit the allegations in paragraph 115.

116. For answer to paragraph 116, Defendants assert that the terms of the SPA speak for themselves and deny all allegations inconsistent therewith.

117. Defendants admit the allegations in paragraph 117.

118. Defendants deny the allegations in paragraph 118.

119. Defendants admit the allegations in paragraph 119.

120. Defendants deny the allegations in paragraph 120.

## IV. AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff is estopped from asserting as breaches facts it was fully aware of and accepted prior to entering into the SPA.

3. Plaintiff waived any claim that Defendants breached the SPA because Plaintiff knew and accepted, prior to signing the SPA, all the facts it now alleges support its claim against Defendants.

4. Plaintiff ratified all actions by Defendants that Plaintiff now complains of.

5. No action or inaction by Defendants caused any damage to Plaintiff.

6. Plaintiff suffered no damages as a result of any action or inaction by Defendants.

7. To the extent Plaintiff suffered any damages, Plaintiff failed to mitigate such damages.

8. Plaintiff failed to satisfy its obligations under the SPA, and based on such failure, is precluded from asserting that Defendants breached that contract.

9. Plaintiff's claims are barred by the doctrine of unclean hands.

## V. PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that the Court enter an Order

(1) Dismissing the Complaint in its entirety with prejudice;

(2) Awarding Defendants their reasonable attorneys' fees and other expenses incurred in defending this action; and

(3) Awarding such other and further relief as the Court may deem just and appropriate.

<table>
<tr><td>

*Of Counsel:*

Kevin A. Bay
RYAN, SWANSON &
    CLEVELAND, PLLC
1201 Third Avenue, Suite 3400
Seattle, Washington 98101-3034
(206) 464-4224
Bay@ryanlaw.com

Dated: July 15, 2020

</td><td>

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*
_____
Steven E. Jenkins (#2152)
Tiffany Geyer Lydon (#3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sjenkins@ashbygeddes.com
tlydon@ashbygeddes.com

*Attorneys for Defendants*

</td></tr>
</table>